## TURTEL v. GREENWALD.

(Supreme Court, Appellate Term.   December 21, 1905.)

**1. APPEAL—REVIEW—TAXATION OF COSTS—NECESSITY OF MOTION BELOW.**

Under the express provision of Municipal Court Act, Laws 1902, p. 1589, c. 580, § 342, unless a motion for a review of taxation of costs in Municipal Court is made, in that court such taxation cannot thereafter be questioned on appeal.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 804.]

**2. JUDGMENT—OPENING DEFAULT—EXCUSE.**

Where a cause in the Municipal Court was set down for trial on a certain day, whereupon the plaintiff's attorney filed an affidavit that he would be engaged on that day in a case in the Supreme Court, which in all probability would be reached that morning, and asked for an adjournment of the Municipal Court case, which was refused, and, the plaintiff not appearing, the complaint was dismissed, and on motion to open the default it appeared that the Supreme Court case did not appear on the calendar until a later date, it was no abuse of the trial court's discretion to refuse to open the default.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 266–268.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Louis Turtel against Samuel Greenwald.   From a judgment dismissing the complaint, and from an order denying a motion to open a default, plaintiff appeals.   Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Charles Frankel, for appellant.

M. Harold Hochdorf, for respondent.

PER CURIAM.   This is an appeal from a judgment dismissing the plaintiff's complaint for failure to proceed with the trial at an adjourned day, and also from an order denying a motion made by the plaintiff to open his alleged default.   This cause having been adjourned several times came up for trial in the Municipal Court on October 5, 1905.   Not being able to reach it on that day the trial justice set it down for the day following.   Upon that day the plaintiff's attorney filed an affidavit with the court in which he stated "that I will be actually engaged at 10 o'clock in the Supreme Court, Special Term, Part 3, in the case of Cohen v. Cohen, which has been on in court since Monday last, and will in all probability be reached this morning, as it will be assigned by Justice Davis to another Special Term," and asked for a short adjournment.   The trial court refused to adjourn the case, and marked it "Ready," and upon its being reached for trial about 3 p. m. of that day, the plaintiff not appearing, dismissed the complaint without prejudice to a new action, and the clerk thereupon entered judgment in favor of the defendant for the sum of $25 costs.   Subsequently, upon a motion made by the plaintiff to open his default, it was shown that the case of Cohen v. Cohen did not appear upon the court calendar until October 9th and was not tried until October 10th.

The clerk's taxation of costs in the sum of $25, the demand in the

summons being but $350, was clearly incorrect; but, inasmuch as no motion was made in the court below for a review of such taxation, this court is precluded from questioning the same upon appeal. Municipal Court Act, Laws 1902, p. 1589, c. 580, § 342.

The motion to open plaintiff's default was addressed to the discretion of the trial court, and it devolves upon the appellant herein to show a clear abuse of such discretion. This he fails to do. The affidavit presented by him in support of his motion nowhere states any reason for his failure to appear upon the 6th of October, the day set for trial. The affidavit presented by a clerk of the plaintiff's attorney on the morning of that day simply stated that the plaintiff's attorney would be engaged in a case upon the Supreme Court Special Term calendar, which would "in all probability be reached" that day. The clerk was informed that the case in the Municipal Court would be marked "Ready," and that no adjournment would be granted. The appellant's attorney does not show, either in that affidavit or in the one subsequently offered upon the motion to open his default, that he was so actually engaged in Cohen v. Cohen, or that for any reason he could not have attended upon the trial of this case any time during the day of October 6th. There is no contradiction of the affidavit of the defendant's attorney to the effect that the so-called engagement relied upon by the appellant herein was in fact no engagement at all; the Cohen Case not having been upon the calendar until three days after the day set for the trial of the case at bar. The record discloses that the defendant filed a notice of appearance upon October 6th, so as to entitle him to the costs, under section 332, Municipal Court Act, and there is nothing in the record to show that such notice was filed after the case was dismissed.

Judgment and order affirmed, with costs.